UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-92-PEP

HAGER HACKNEY,                                                                             PLAINTIFF,

V.                    **MEMORANDUM OPINION
AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                   DEFENDANT.

## I. INTRODUCTION

Plaintiff, Hager Hackney, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability and disability insurance benefits. This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1). Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant Commissioner.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for a period of disability and disability insurance benefits on July 26, 2002. (Tr. 70-72.) The claim was denied initially and on reconsideration. (Tr. 40-43, 46-48.) At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), was conducted on May 22, 2003. (Tr. 292-343.) Plaintiff, accompanied by his attorney, testified at the hearing. (Id.) The ALJ decided to withhold a decision in order for Plaintiff to undergo a consultative psychiatric evaluation. (Tr. 261-269, 342.)

On April 7, 2004, the ALJ conducted a supplemental administrative hearing. (Tr. 344-360.) Plaintiff, again accompanied by his attorney, testified at the supplemental hearing. (Id.) Also testifying was vocational expert Ted Tanzey (hereinafter "VE"). (Id.) On August 21, 2004, the ALJ issued an adverse administrative decision. (Tr. 13-26.) The ALJ found that Plaintiff was not disabled and therefore did not qualify for a period of disability or disability insurance benefits. (Id.) The Appeals Council declined to review the ALJ's decision (Tr. 3-5) and Plaintiff now seeks judicial review.

Plaintiff was forty-one years old at the time of the administrative decision. (Tr. 25.) Plaintiff's education did not progress past the seventh grade and his past relevant work experience consisted of employment as a mechanic, greaser, and loader/operator.

(Tr. 86, 94, 120, 263.) At the outset, the ALJ found that Plaintiff met the disability insured status requirement for a period of disability and disability insurance benefits under the Social Security Act, see generally 20 C.F.R. §§ 404.130-404.132, and was potentially insured for benefits through December 31, 2006. (Tr. 25.)

At the first step of the sequential evaluation process, see generally 20 C.F.R. § 404.1520, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since January 15, 2001, the alleged onset date of disability. (Tr. 25.) At the second step, the ALJ found that the medical evidence established that Plaintiff suffered from a disorder of the back with chronic back pain, radiculopathy, and a left herniated nucleus pulposus at L5-S1. (Id.) The ALJ also found that Plaintiff had been diagnosed with borderline intellectual functioning, generalized anxiety, a somatoform disorder, and alcohol dependence in partial remission. (Id.) The ALJ concluded that the aggregate effect of Plaintiff's impairments was severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521. (Tr. 25.) At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 25.) At the fourth step, the ALJ found that Plaintiff was unable to perform his past relevant work, see 20 C.F.R. § 404.1565(a). (Tr. 25.)

At the fifth and final step, relying on the testimony of the VE and taking into

3

consideration the Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC")[1], the ALJ found that Plaintiff was capable of making a successful adjustment to work existing in substantial numbers in the national economy.[2]  (Tr. 24-26.)  Accordingly, the ALJ found Plaintiff

---

[1] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001).  In the instant case, the ALJ assessed the following RFC:

> [Plaintiff] has the residual functional capacity to occasionally lift ten pounds, frequently lift less than ten pounds, stand/walk at least two hours in an eight-hour workday and sit for six hours, with only occasional climbing of stairs or ramps, occasional stooping, kneeling, crouching, and crawling, with no climbing of ladders, ropes of scaffolds, and the avoidance of exposure to vibrations and hazards such as unprotected heights and moving machinery. . . . [Plaintiff] has a "good" (more than satisfactory) ability to follow work rules, use judgment and function independently; and a "fair" (limited but satisfactory) ability to relate to co-workers, deal with the public, interact with supervisors, deal with work stresses and maintain attention/concentration. [Plaintiff] has a "fair" ability to understand, remember and carry out detailed and complex jobs instructions with a "good" ability to understand, remember and carry out simple job instructions.  [Plaintiff] would have a "fair" ability to maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and to demonstrate reliability.

(Tr. 25.)

[2] Although not per se required, the testimony of a VE is the preferred method of supporting a finding that Plaintiff is capable of making an adjustment to work found in significant numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978).  In the instant case, at the sedentary level of exertion, the VE identified hand packer (212,000 jobs nationally and 9,000 jobs in the region of Kentucky, Ohio, and West Virginia), assembler (142,000 nationally and 15,000 regionally), and grader/sorter (70,000 nationally and 6,000 regionally) as jobs existing in significant numbers in the national economy that an individual of Plaintiff's age, educational background, employment history, and assumed limitations could perform.  (Tr. 357-359.)

to be not disabled at step five of the sequential evaluation process. See 20 C.F.R. §§ 404.1520(g). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 8, 2005. (Tr. 3-5.) Plaintiff thereafter filed this action. By virtue of the parties' stipulations of consent (Record Nos. 3 and 9), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 13 and 14), which are now ripe for review.

### III. ANALYSIS

#### A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.

"Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

  B.  Plaintiff's Contentions on Appeal and Analysis

  Plaintiff's sole claim of error is that the ALJ should have recontacted Plaintiff's treating physician to obtain a clarification and inquire into the availability of additional information.  Dr. Hieronymus, Plaintiff's treating physician, completed an adult medical report for social security or supplemental security benefits, in which he

opined that Plaintiff should not engage in repetitive movements of the back, lifting, reaching, or stooping. (Tr. 150.) Dr. Hieronymus also opined that Plaintiff should not be exposed to unprotected heights or strong vibration. (Id.) In addition, Dr. Hieronymus completed a physician interview report, in which he opined that Plaintiff should not lift over ten pounds frequently and should avoid frequent bending, stooping, pulling, or tugging. (Tr. 209.) In discussing Dr. Hieronymus' opinion, the ALJ stated that "[t]he degree of these restrictions is without substantial support from the objective medical evidence of record, which obviously renders them less persuasive." (Tr. 20.) This statement is somewhat curious in light of the fact that the ALJ incorporated virtually all of the restrictions identified by Dr. Hieronymus into his assessment of Plaintiff's RFC.[3] Equally perplexing is, therefore, Plaintiff's argument that rather than rejecting Dr. Hieronymus' opinion, the ALJ should have contacted Dr. Hieronymus to inquire into the availability of additional information or to obtain a clarification of the opinion.

In any event, and despite the apparent harmony between Dr. Hieronymus'

---

[3] The ALJ found that Plaintiff could only occasionally climb stair or ramps, stoop, kneel, crouch or crawl. The ALJ also found that Plaintiff should avoid vibrations and unprotected heights. (Tr. 25.) In addition, even though Dr. Phillip Tibbs, a neurological surgeon, placed an only temporary 30 pounds or less restriction on Plaintiff's exertional capabilities, it appears that the ALJ deferred to Dr. Hieronyms by finding that Plaintiff was capable of only occasionally lifting ten pounds and frequently lifting less than ten pounds. (Tr. 25, 139.) Thus, with the exception of slight word variations in assessing Plaintiff's postural limitations, Plaintiff's RFC includes virtually all the restrictions identified by Dr. Hieronymus.

opinion and the ALJ's RFC assessment, the Court shall address Plaintiff's argument at face value. On the subject of an ALJ's obligation to recontact a claimant's treating physician, the relevant Regulation provides:

> When the evidence we receive from your treating physician or psychologist or other medical source is *inadequate for us to determine whether you are disabled*, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source.

20 C.F.R. § 404.1512(e)(1) (emphasis added). Although the Sixth Circuit has yet to delineate the exact nature of an ALJ's obligation to recontact a treating source under 20 C.F.R. § 404.1512(e)(1)[4], the consensus from decisions in other circuits is that in

---

[4] In Persell v. Sec'y of Health & Human Servs., a Sixth Circuit decision, the claimant sought a remand on the basis of an ALJ's failure to recontact under 20 C.F.R. § 404.1512(e)(1). 1994 U.S. App. LEXIS 26840 at *9-10 (6th Cir. Sept. 21, 1994). However, the argument was summarily rejected because the portion of the Regulation relating to the duty to recontact was promulgated by amendment to the Regulation six months after the administrative decision. Id. Other than reciting some of the language in the Regulation, the Persell decision does not establish an exact showing that a claimant must make in order to obtain a remand for a failure to recontact under 20 C.F.R. § 404.1512(e)(1). Furthermore, the decision does not address the threshold requirement of inadequacy. Littlepage v. Chater, another Sixth Circuit decision confronted with an ALJ's obligation to recontact under 20 C.F.R. § 404.1512(e)(1), is similarly unhelpful. 1998 U.S. App. LEXIS 688 (6th Cir. Jan. 14, 1998.) In Littlepage, the Court held that the duty to recontact was not

order for a claimant to obtain a remand on the basis of a failure to recontact, it must be demonstrated that: (1) the treating physician's records are inconclusive or otherwise inadequate to make a disability determination; (2) considered in its entirety, the medical evidence in the record is insufficiently developed; and (3) failure to recontact the physician resulted in prejudice to the claimant. See Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); Gallegos v. Barnhart, 2003 U.S. App. LEXIS 21674 at *3 (9th Cir. Oct. 22, 2003); Newton v. Apfel, 209 F.3d 448, 453, 458 (5th Cir. 2000); White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002); Garcia v. Barnhart, 2005 U.S. Dist. LEXIS 19579 at *4 n. 3 (E.D. Pa. Sept. 6, 2005); Washington v. Barnhart, 2005 U.S. Dist. LEXIS 4835 at *19-20 (E.D. Pa. Mar. 25, 2005); Pearson v. Barnhart, 2005 U.S. App. LEXIS 11354 at *14 (E.D. Tex. May 23, 2005); Kindle v. Barnhart, 2005 U.S. Dist. LEXIS 3797 at *19-21 (E.D. Tex. Jan. 24, 2005); Bodin v. Barnhart, 2004 U.S. Dist. LEXIS 27384 at *13, 17 (E.D. Tex. Aug. 11, 2004); Frost v. Barnhart, 2004 U.S. Dist. LEXIS 8062 at *35-36 (D. Me. May 7, 2004); Reed v. Apfel, 1999 U.S. Dist. LEXIS 18432 at *44-45 (S.D. Ala. Oct. 28, 1999). Where courts have issued remands on the basis of an ALJ's failure to recontact a treating physician, the medical

---

triggered when an ALJ discounted unsupported medical conclusions of a claimant's treating physician. Id at *10. The Littlepage decision stands only for the proposition that a medical assessment containing unsupported medical conclusions is not necessarily inadequate for purposes of 20 C.F.R. § 404.1512(e)(1). The Littlepage decision does not otherwise establish a showing that a claimant must make in order to obtain a remand for a failure to recontact under 20 C.F.R. § 404.1512(e)(1).

evidence in the record was manifestly incomplete or the medical report was itself inconclusive. See Newton, 209 F.3d at 458 (ALJ faced with an incomplete medical history); Robinson v. Barnhart, 248 F. Supp. 2d 607, 628 (S.D. Tex. 2003) (treating physician's numerous handwritten progress notes were difficult to read).[5]

Therefore, Plaintiff in this case must first demonstrate that Dr. Hieronymus' reports were inconclusive or otherwise inadequate to make a disability determination. Simple rejection of the opinion by the ALJ is insufficient because "it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the evidence the ALJ receives from the claimant's treating physician that triggers the duty." White, 287 F.3d at 908 (internal quotations and signals of alterations omitted). Differently put, "[t]he duty to [recontact] is triggered when the evidence is insufficient to make an *informed* determination, not when the evidence is insufficient to make a *favorable*

---

[5] A few courts have expanded the applicability of 20 C.F.R. § 404.1512(e)(1) to include situations where an ALJ rejects the opinion of a treating physician because of internal inconsistencies or a lack of objective findings. See McDonald v. Barnhart, 1998 U.S. Dist. LEXIS 4783 at *19 (N.D. Tex. Mar. 31, 1998); Cleveland v. Apfel, 99 F. Supp. 2d 374, 380 (S.D.N.Y. 2000); Corey v. Barnhart, 2002 U.S. Dist. LEXIS 7146 at *15-16 (S.D. Ind. Mar. 14, 2002). These cases, however, are in the minority and inconsistent with the plain language of the Regulation. It is true that the Regulation provides that the treating source will be contacted if the report contains a conflict, ambiguity, or lacks support from objective findings. However, the requirement for additional information is triggered only when the evidence is inadequate to make a determination regarding the claimant's disability. See 20 C.F.R. § 404.912(e)(1); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); Gallegos v. Barnhart, 2003 U.S. App. LEXIS 21674 at *3 (9th Cir. Oct. 22, 2003); White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

determination." Pearson, 2005 U.S. App. LEXIS 11354 at *14 (emphasis in original).

In the instant case, although adopting virtually all the restrictions identified by Dr. Hieronymus, the ALJ stated that Dr. Hieronymus' opinion was less persuasive because it lacked substantial support from the objective medical evidence of record. Thus, the basis for finding Dr. Hieronymus' opinion less persuasive was its lack of support from objective medical evidence, not its inconclusiveness or inadequacy for the purposes of rendering a disability determination. Plaintiff does not argue that the ALJ could not have made an informed disability determination on the basis of Dr. Hieronymus' reports. Essentially, Plaintiff's argument is that where an ALJ considers a treating source opinion to be less persuasive because of some deficiency in that opinion (in this case, its lack of substantial support from the objective medical evidence), the ALJ must attempt to cure the deficiency by recontacting the treating source. That, however, is not the standard.[6]

The plain language of 20 C.F.R. § 404.1512(e)(1) and the bulk of the case law

---

[6] Plaintiff's position is also at odds with the regulatory framework for the treatment of treating source opinions. On the basis of certain factors, for instance supportability and consistency, the Regulations direct an ALJ to add or diminish the amount of weight afforded to a particular opinion. See 20 C.F.R. § 404.1527(d). ALJs are, therefore, entitled to consider opinion evidence in light of these factors in determining the amount of weight to attach a particular opinion. It would be somewhat nonsensical for the Regulations on the one hand to direct an ALJ to consider supportability and consistency in determining the amount of weight to attach to a particular opinion, and on the other hand to require an ALJ to recontact the treating physician for clarification whenever the conditions for attaching lesser weight are satisfied.

interpreting the Regulation indicate that the duty to recontact is triggered only when the report from the treating physician is inadequate to the point of rendering an informed disability determination on the basis of that report impossible. See Thomas, 278 F.3d at 958 (holding that absent a finding that the evidence from the treating source is inadequate to make a disability determination, disagreement with or discrediting of a treating physician's report is insufficient to trigger the obligation to recontact); Garcia, 2005 U.S. Dist. LEXIS 19579 at *4 n. 3 (holding that obligation to recontact was not triggered when the ALJ discounted a report from a treating source because of internal inconsistencies).

Plaintiff does not argue that an informed determination could not have been made on the basis of Dr. Hieronymus' reports. One report, which was completed on a form specifically intended for disability insurance benefits or supplemental security income claims, is clearly a document that an ALJ may appropriately rely upon in rendering a disability determination. (Tr. 149-150.) The second report is labeled a physician interview and includes Dr. Hieronymus' opinion as to Plaintiff's past prognosis for returning to work at full strength. (Tr. 206-209.) It is similarly clear that an ALJ may properly rely upon the progress notes of a treating physician in rendering a disability determination.

Secondly, even if Plaintiff could demonstrate that Dr. Hieronymus' reports were

12

inconclusive or otherwise inadequate to make an informed disability determination, Plaintiff fails to argue that the record was otherwise insufficiently developed. As discussed above, decisions from other circuits have held that in order for a claimant to obtain a remand on the basis of an ALJ's failure to recontact under 20 C.F.R. § 404.1512(e)(1), it must be demonstrated that the administrative record was insufficiently developed for the purposes of rendering a disability determination. See Gallegos, 2003 U.S. App. LEXIS 21674 at *3 (finding no obligation to seek clarification regarding possible inconsistencies where sufficient evidence existed in the record to make a determination regarding disability); Newton, 209 F.3d 448 at 453 (holding that the existence of other medical opinions in the record that are based on personal examination or treatment of the claimant eliminates the obligation to recontact); Bodin, 2004 U.S. Dist. LEXIS 27384 at *13 (the threshold question of whether the existing evidentiary record was inadequate for making an informed disability determination was answered in the negative where the record contained voluminous medical evidence spanning several years); Frost, 2004 U.S. Dist. LEXIS 8062 at *35-36 (holding that the duty to recontact was not triggered where an adequate record existed by which the ALJ could decide the case).

    This interpretation is consistent with Social Security Ruling 96-2p, which provides that "[o]rdinarily, development should not be undertaken for the purposes

of determining whether a treating source's medical opinion should receive controlling weight if the case record is otherwise sufficiently developed." SSR No. 96-2p, 1996 SSR LEXIS 9, *10-11 (Soc. Sec. Admin. 1996).[7] In the instant case, Plaintiff does not argue that the medical evidence in the record was inadequate for the purposes of rendering a disability determination.  The record in the instant case is in fact fairly ample as it contains emergency room records, treatment records of a neurological surgeon, treatment records of Plaintiff's treating physician, a consultative examination report of a certified clinical psychologist, physical and mental RFC assessments and a psychiatric review completed by State agency consultants, a medical assessment of Plaintiff's ability to perform work related activities, and a medical report completed by a Kentucky Department of Workers' Claims physician.  (Tr. 125-291.)

Lastly, Plaintiff fails to allege any prejudice.  Remand is appropriate only where a claimant demonstrates prejudice from an ALJ's failure to recontact the treating source and request additional information or clarification.  See Newton, 209 F.3d 448 at 458; Pearson, 2005 U.S. App. LEXIS 11354 at *15; Reed, 1999 U.S. Dist. LEXIS 18432 at *44.  As stated by the Supreme Court, where "remand would be an idle and

---

[7] Unlike Statutes and Regulations, Social Security rulings do not have the force or effect of law.  Heckler v. Edwards, 465 U.S. 870, 874 (1984); Garcia v. Sec'y of Health & Human Servs., 46 F.3d 552, 557 (6th Cir. 1995).  However, Social Security Rulings are the Agency's official interpretation of the Regulations and are, therefore, entitled to substantial deference unless plainly erroneous or inconsistent with the Regulations.  See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 549 (6th Cir. 2004).

useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game." NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n. 6 (1969).

In the instant case, Plaintiff has not proffered evidence that would have been produced had the ALJ recontacted Dr. Hieronymus. In the absence of such proffer, this Court cannot determine whether the failure to recontact Dr. Hieronymus, even if in violation of 20 C.F.R. § 404.1512(e)(1), resulted in prejudice to Plaintiff.

In summary, Plaintiff does not argue that Dr. Hieronymus' report was inconclusive or otherwise inadequate to make a disability determination. Nor does Plaintiff argue that the record was insufficiently developed. Additionally, Plaintiff does not offer evidence that could have altered the adverse administrative decision and that would have been produced had the ALJ recontacted Dr. Hieronymus. Therefore, in this case, the ALJ's obligation to recontact the treating source under 20 C.F.R. § 404.1512(e)(1) was not triggered.

## IV. CONCLUSION

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69. In the instant case, the ALJ was under no obligation to recontact Dr. Hieronymus and substantial evidence exists in the record

to support his decision finding Plaintiff not disabled. The fact that some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal. See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90. Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) Defendant Commissioner's motion for summary judgment (Record No. 14) is hereby GRANTED.

(2) Plaintiff's motion for summary judgment (Record No. 13) is hereby DENIED.

(3) Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the Court's docket.

Signed December 29, 2005.

Signed By:
Peggy E. Patterson  PEP
United States Magistrate Judge

Date of Entry and Service: